TURNER, APPELLANT, *v.* THE REGISTRAR OF SAN JUAN, SECTION 1, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 203.—Decided June 10, 1915.

AGENT—PARTNERSHIP—MANAGING PARTNER—PRINCIPAL AND AGENT.—The managing partner of a firm is the agent who has the administration or sale of the property of the same and, as such, is included directly within the prohibition established by subdivision 2 of section 1362 of the Civil Code.

ID.—CORPORATION—BOARD OF DIRECTORS.—The president of a corporation is not *per se* such an agent of the corporation as to be included within the prohibition of section 1362, subdivision 2, of the Civil Code, such agent being the board of directors elected by the stockholders.

CORPORATION— CORPORATE OFFICERS—VOIDABLE SALE.—It is a principle of American law that a sale of the property of a corporation to the officers of the corporation is voidable at the option of the corporation, but there are exceptions to this rule, especially when the corporation is insolvent or the sale is public.

ID.—RECORD OF TITLE—INVALIDITY OF DOCUMENT.—When it does not appear on the face of a document presented in the registry that it is invalid, the registrar is not required to anticipate any possible action by the corporation for that reason.

The facts are stated in the opinion.

*Mr. Gabriel Guerra* for the appellant.

The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

In a mortgage action brought by American Colonial Bank of Porto Rico against Standard Fruit Co., represented by its president, John M. Turner, the marshal was ordered to sell at public auction the land mortgaged. At the auction sale no bidders appeared except John M. Turner who bought the mortgaged land in his own name. When the ensuing deed of sale was presented to the registry the registrar refused to record the same on the following ground, among others not questioned:

"Record of the foregoing deed is refused for the incurable defect that the purchaser, John M. Turner, at the time of the execution of the sale was the president of the defendant corporation represented by him in the mortgage proceedings; said purchaser being included by reason of his office in the prohibition of section 1362 of the Civil Code which is applicable to the case in conformity with the decision of the Supreme Court of Porto Rico of June 31, *ultimo*, rendered in the case of *María Secundina Giménez* v. *The Registrar of Property of San Juan, Section 1.*"

John M. Turner appeals.

It is to be observed that the registrar bases his action largely on our opinion in the case of *Giménez de Camblor* v. *The Registrar of Property*, 21 P. R. R., 314. That case

clearly involved the sale of the property of a partnership by its managing partner to his wife. This court decided, following Manresa, that the managing partner of the firm is an agent who has the administration or sale of the property of the society and therefore such sale fell directly within the prohibition of subdivision 2 of section 1362 of the Civil Code, which reads as follows:

"Section 1362.—The following persons cannot acquire by purchase, even at public or judicial auction, neither in person nor by an agent:

\*     \*     \*     \*     \*     \*     \*

"2. Agents, the property the administration or sale of which may have been intrusted to them."

We reaffirm the principle of that case, but the inquiry here is whether the president of a corporation is *per se* such an agent of a corporation as to be included within the prohibition of section 1362.

The general rule on the subject admits of no misunderstanding. The affairs of a corporation are almost universally managed by a board of some kind elected by the stockholders. 10 Cyc., 787, note 72. It is the board of directors which is the agent that corresponds to the managing partner of a partnership. No officer, as a general rule, has the administration or the sale of the property of a corporation by the mere fact of being such officer, as is the case with the managing partner of a partnership under the law itself. It it suggested that as a board is composed of its directors of whom the president of the corporation is almost universally one, the prohibition extending to the whole board extends to each of its constituent parts. In answer to this suggestion it may be noted that a single director cannot order the sale of the corporation's property without the consent of the other directors. The agency, the controlling voice, is not complete without the action of the whole board, generally obtained after a meeting duly called. The sale of the property of a corporation, too, very frequently can only be made by notice

to the stockholders. In case of a partnership the will of the managing partner controls the firm as a matter of law. This is not the case with the president of a corporation.

It is a principle of the American law of corporations that a sale to officers of a corporation is voidable at the option of the latter, yet there are exceptions to this rule especially when the corporation is insolvent or the sale is public. Cook on Corporations, section 653. Such a sale, however, is voidable and not necessarily void. *Fudickar* v. *East Riverside Irr. Dist.*, 41 Pac., 1024. Under these circumstances, as the nullity did not appear on the face of the document, as was the case in *Giménez de Camblor* v. *The Registrar, supra,* the Registrar of San Juan was under no duty to act in anticipation of any possible action by the corporation. The contract on its face complied with the requisites of section 1228 of the Civil Code and did not violate either the letter or the spirit of section 1362. When fraud is alleged the defendant is entitled to his day in court. We expressly disclaim any intention of passing upon the question of whether this sale could or could not be avoided by the corporation or its stockholders. The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.